**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRIS RYAN,

Plaintiff,

v. No. 1:26-cv-02560-SMD-JMR

CIVIL ALLY GLOBAL REPUBLIC,[1]

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed a Complaint that refers to "my priority is my relationships with my children," "poor government and law implemented from the 1960s," "the condo that was next door to mine in 2013 in Bay Park San Diego," the "free market amount for the time that I've been alive (1984-Present (2026))," "United States Postal Service, IRS, San Diego Superior Court procedure in allowing background checks," "half custody of my children [and] the unreasonable situation I was in without control of the private property I resided on," "the California real estate escrow department," "the girl working at the post office in Salton City my neighbor works at the Coachella post office won't deliver the mail," "the lots that were $5000 or less were in Borrego Springs in California and right next store [sic] in Imperial County in Salton City and Vista del Mar," and a "global republic government of 10 people." Complaint at 1-12, Doc. 1, filed August 5, 2026.

[1] The Complaint does not have a title naming Civil Ally Global Republic or any other persons or entities as defendants. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs identifies Civil Ally Global Republic as a defendant. *See* Doc. 2, filed August 5, 2026.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff of the following deficiencies in the Complaint:

(i) The Complaint does not have a title naming defendants as required by Rule 10 of the Federal Rules of Civil Procedure;

(ii) There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action arises under the Constitution, laws, or treaties of the United States and there is no properly alleged diversity jurisdiction because the Complaint does not allege the state citizenship of Plaintiff and Defendants; and

(iii) The Complaint does not show that the District of New Mexico is the proper venue for this action because the Complaint that does not show that Defendant is a citizen of New Mexico and there are no allegations showing Defendant's acts and omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.

*See* Order to Show Cause at 3-5, Doc. 6, filed August 10, 2026. Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this case *and* to file an amended complaint. *See* Order to Show Cause at 5, 7 (notifying Plaintiff that the amended complaint must comply with the Federal and Local Rules of Civil Procedure, must contain a statement of the grounds for the Court's jurisdiction and must contain allegations showing the District of New Mexico is the proper venue and that support personal jurisdiction over Defendants) (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).

Plaintiff filed a "Complaint Detailed Response [to] Document 6" to the Order to Show Cause but did not file an amended complaint by the August 31, 2026, deadline. *See* Doc. 13, filed August 21, 2026 ("Response"). The Response addresses the deficiencies identified in the Order to Show Cause but fails to show that the Court should not dismiss the original Complaint for the following reasons.

First, the Response fails to show that the original Complaint alleges facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Regarding the lack of allegations supporting jurisdiction, Plaintiff states:

> Plaintiff is seeking compensation in the United States dollars. The majority of listed prices in New Mexico were in $ except 2 venues that did not list prices for trade in New Mexico Jurisdiction is where the United States dollar is listed as a price for trade.

Response at 1-2. Plaintiff has not shown that the original Complaint alleges facts that this case "aris[es] under the Constitution, laws, or treaties of the United States" or that this case "is between [] citizens of different States." 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).

Second, the Response fails to show that the original Complaint alleges facts showing that the District of New Mexico is the proper venue for this case. Regarding proper venue, Plaintiff states:

> The venue is to document the litigation proceedings initially and may not lead to a trial.
>
> Venue in general
>
> (1) defendants reside globally on earth to my knowledge
>
> (2) defendants reside globally on earth to my knowledge [sic, repeating item (1)]

(3) I will start with personal judgements by Citizen Plaintiff.

Response at 2. Plaintiff has not shown that the original Complaint alleges facts showing that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the District of New Mexico or otherwise shows that venue in the District of New Mexio is proper. *See* 28 U.S.C. §1391(b).

Finally, Rule 10(a) of the Federal Rules of Civil Procedure states "Every pleading *must* have a caption with . . . a title . . . The title of the complaint *must* name all the parties." Fed. R. Civ. P. 10(a) (emphasis added). Plaintiff states:

> I expect the list of defendants in the title to progressively grow as the litigation goes on. The title "Civil Ally Global Republic" is a good representation to the Conglomerates of defendants that shall receive initial personal judgements from Citizen Chris Ryan.

Response at 1. The original Complaint does not have a title or caption.

The Court cannot construe the Response as an amended complaint because the Response does not comply with the Federal Rules of Civil Procedure and case law regarding complaints. The Response does not have a title naming all the parties, does not contain factual allegations stating what each Defendant did to Plaintiff, when each Defendant did it, and what specific legal right Plaintiff believes each Defendant violated, and does not contain a demand for relief. *See* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title . . .The title of the complaint must name all the parties"); Fed. R. Civ. P. 8(a) (a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and [] a demand for the relief sought"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (listing the types of allegations a complaint must contain).

The Court dismisses this case without prejudice because:

(i) The original Complaint does not allege facts supporting jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action") (emphasis added).

(ii) The original Complaint does not allege facts showing that the District of New Mexico is the proper venue for this case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought") (emphasis added). The Court finds it is not in the interest of justice to transfer this case to another venue because Plaintiff has not alleged fact showing that there is federal question or diversity jurisdiction. *See Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004) (stating it is not in the interest to transfer a case if it was clear at the time of filing that the court lacked the requisite jurisdiction or where a plaintiff either realized or should have realized that the forum in which he or she filed was improper") (quoting *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)).

(iii) Plaintiff has not complied with Judge Rozzoni's Order to file an amended complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a

> plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff previously moved: (i) "for a extension to the case demands for legitamacy 1 year;" (ii) "for an allowence of $8400 a month;" (iii) for the "Judge personally evaluates evidence and personally mails evidence in 2024 tax return federally. When the tax return is filled Plaintiff will reimburse the United States District of New Mexico." [sic] Motion, Doc. 11, filed August 20, 2026. Judge Rozzoni denied Plaintiff's requests because Plaintiff did not state any grounds or cite legal authority supporting his requests for relief. *See* Doc. 15, filed August 24, 2026.

Plaintiff then filed two documents that he did not sign. *See* Response to Document 15, Doc. 16, filed August 26, 2026; Motion, Doc. 17 (seeking a monthly allowance of $8,400 per month for three months and an extension of time). Judge Rozzoni notified Plaintiff that Rule 11 of the Federal Rules of Civil Procedure states that the Court must strike unsigned documents unless the omission is promptly corrected after being called to the party's attention. *See* Order to Cure Deficiency, Doc. 18, filed August 28, 2026. The Court overrules Plaintiff's unsigned Response as moot and denies Plaintiff's unsigned Motion as moot because Plaintiff promptly filed a signed Response and a signed Motion.

Plaintiff's signed Response [to] Document 15 discusses law and governmental policies, the "evaluation [Plaintiff'] made to have optimal security, shelter, and relationships you need to be able to go into $8,200,000 of debt," his employment history, "Global Republic Law" and "Domestic Law," and states "This compensation for a parent at 32 years old would be necessary for survival after laboring in skyscrapers and transportation on the free market with poor monetary policy, government, and law." Response [to] Document 15 at 1-5, Doc. 19, filed August 31, 2026. Document 15 is Judge Rozzoni's Order denying Plaintiff's requests for an undefined extension of

time, for an $8,400 monthly allowance from the Court, and for the Court to file his 2024 federal tax return. *See* Doc. 15, filed August 24, 2026. The Court construes Plaintiff's signed Response to Document 15 as an objection to Judge Rozzoni's Order and overrules Plaintiff's signed Response because it does not show that Judge Rozzoni's Order is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law").

Plaintiff's signed Motion asks for: (i) "a three month allowance of $8400 a month" [sic]; (ii) "the 2024 tax form is mailed to the Department of Treasury;" and (iii) "that case remain open indefinetly [sic] at the current time to resolve multiple civil prosecutions to be slowly revealed and thoroughly thought out." Motion at 1, Doc. 20, filed August 31, 2026. The Court denies Plaintiff's requests for an allowance of $8,400 per month for three months and that the 2024 tax form be mailed to the United States Department of the Treasury because Plaintiff has not cited any legal authority in support of those requests. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply *must* cite authority in support of the legal positions advanced") (emphasis added). The Court denies Plaintiff's request to keep this case open indefinitely because the Court is dismissing this case due to Plaintiff's failure to show that the Court has jurisdiction over this matter, Plaintiff's failure to show that the District of New Mexico is the proper venue for this action and because Plaintiff has not complied with the Court's Order to file an amended complaint.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's unsigned Response [objection] to Document 15, Doc. 16, filed August 26, 2026, is **OVERRULED as moot** because Plaintiff later filed a signed Response.

(iii) Plaintiff's unsigned Motion, Doc. 17, filed August 26, 2026, is **DENIED as moot** because Plaintiff later filed a signed Motion.

(iv) Plaintiff's signed Response [objection] to Document 15, Doc. 19, filed August 31, 2026, is **OVERRULED** for the reasons stated above.

(v) Plaintiff's signed Motion, Doc. 20, filed August 26, 2026, is **DENIED** for the reasons stated above.

**UNITED STATES DISTRICT JUDGE**